NORMAN KIRKLAND, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed April 5, 1924.

This case was decided by Division B.

Where all the essential elements of an offense are shown by ample evidence and no prejudicial errors are made to appear, a judgment of conviction will be affirmed.

A Writ of Error to the Circuit Court for Washington County; D. J. Jones, Judge.

Affirmed.

*A. W. Weeks*, for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. Mc-Intosh,* Assistant, for the State.

PER CURIAM.—This writ of error was taken to a judgment of conviction of the defendant of the statutory offense of deserting and withholding the means of support from his minor child. Sec. 5496, Rev. Gen. Stats., 1920. One of the issues was the defendant's paternity of the child, which was born seven months after the marriage of its mother and the defendant. If under the authority of Flores v. State, 72 Fla. 302, 73 South. Rep. 234; Williams v. State, 80 Fla. 286, 85 South. Rep. 917, it was error to overrule a motion without stating grounds to strike a question addressed to the wife of the defendant while testifying: "Is that the child you have in your lap?" no prejudice could reasonably have resulted to the defendant, since subsequently during the trial the following proceedings were had: "Court: Mr. Weeks, what was your motion about the child? Mr. Weeks: I moved to strike the question of counsel: 'Is that the child you have on your lap?' and the answer 'Yes.' Court: The motion on the part of the defendant to strike that question and answer is granted. You will not consider that question."

The testimony is amply sufficient to sustain the verdict which includes a finding as to the defendant's paternity of the child and his desertion and withholding of support, and no prejudicial errors are presented by the record.

Affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE, WEST AND TERRELL, J. J., concur.